IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JERRY J. ELLIS**  **PLAINTIFF**
**ADC #78658**

V.  NO. 2:24-cv-00149-BSM-ERE

**WILLIAM F. STRAUGHN,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

On August 14, 2024, *pro se* plaintiff Jerry J. Ellis, an Arkansas Division of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Ellis is a "three-striker,"[1] he can proceed in forma pauperis only if he

---

[1] The following dismissals are "strikes" for purposes of 28 U.S.C. § 1915(g): *Ellis v. Collins, et al.*, E.D. Ark. Case No. 5:93-cv-00523-SWW (Oct. 4, 1993 dismissal for

is currently in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Ellis' complaint alleges that, on December 20, 2023, Defendants William Straughn and Gaylon Lay violated his equal protection and due process rights during his classification hearing. These alleged facts and claims are insufficient to reasonably suggest that Mr. Ellis is presently facing an imminent danger of serious physical injury.

Based on Mr. Ellis' status as a three-striker and his failure satisfy the imminent-danger-of-serious-physical-injury standard, he was ordered to pay the $405.00 filing fee within 30 days in an Order filed on August 20, 2024. *Doc. 3*. The Order specifically cautioned Mr. Ellis that his failure to pay the filing fee would result in dismissal of his claims, without prejudice.

To date, although Mr. Ellis filed a response to the Court's Initial Order (*Doc. 4*), he has not complied with the Court's August 20, 2024 Order to pay the filing fee, and the time for doing so has passed.

---

failure to state a claim); *Ellis v. Norris, et al.*, E.D. Ark. Case No. 5:96-cv-00219-ETR (Nov. 26, 1996 dismissal for same); and *Ellis v. Norris, et al.*, E.D. Ark. Case No. 5:96-cv-00387-JMM (Aug. 29, 1996 dismissal for same).

**III.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Ellis' complaint be DISMISSED, without prejudice, based on his failure to: (1) comply with the Court's August 20, 2024 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2.   The Clerk be instructed to close this case.

Dated 25 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE